Tambry L. Bradford, Esq. (State Bar No. 223282)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9800
Email: tambry.bradford@troutman.com

*Attorneys for Defendant Blackbaud, Inc.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA JOBE,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY MEDICAL CENTERS; BLACKBAUD, INC.; and DOES 1-100, Inclusive;<br><br>Defendants. | Case No. ___________________<br><br>**DEFENDANT BLACKBAUD, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1132, 1441 AND 1453**<br><br>[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; and Request for Judicial Notice] |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT:**

**PLEASE TAKE NOTICE** that defendant Blackbaud, Inc. ("Blackbaud") hereby removes to this Court the state action, entitled "*Jessica Jobe v. Community Medical Centers; Blackbaud, Inc.; and DOES 1-100, inclusive,*" Sacramento Superior Court Case No. 34-2020-00287990-CU-OE-GDS, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) and 1453(b).

## I. BACKGROUND

1. On or about October 27, 2020, Plaintiff Jessica Jobe ("Plaintiff") filed the complaint in this action against Blackbaud and Community Medical Centers ("Community Medical," collectively with Blackbaud, "Defendants") in the Superior Court of the State of California, County of Sacramento (the "Complaint"). A copy of the Complaint is included in Exhibit A to this Notice

2. Blackbaud is a Delaware Corporation with its principal place of business in South Carolina. Ex. A, Compl. ¶ 13; RJN, Ex. 2. Blackbaud was served with a copy of a summons and the Complaint on November 19, 2020.

3. In the Complaint, Plaintiff alleges that Defendants unlawfully disclosed "Plaintiff's confidential medical information in violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq*. (the "Act" or "CMIA"), California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"); and Negligence." Ex. A, Compl. ¶ 1.

4. In the Complaint, Plaintiff seeks to serve as class representative of a class consisting of: "All citizens of the state of California who were whose [*sic*] personal data and medical information were stored in Defendant Community Medical's Blackbaud systems, which was accessed by an unauthorized person in the February through May of 2020 Data Breach described by Defendants at

https://www.communitymedical.org/Privacy/Notice-of-Vendor-Data-Security-Incident." *Id.* at Class Allegations ¶ 2.

5. Blackbaud has not filed a responsive pleading to the Complaint in the State Court Action, and no other proceedings have been filed by Blackbaud. As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal as additional exhibits are true and correct copies of the Civil Case Cover Sheet, Summons, Notice and Order of Complex Case Determination, Clerk's Certificate of Service by Mail, and Proof of Service which constitute all process, pleadings and orders served on Blackbaud in this action.

6. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it has been filed within thirty (30) days of November 19, 2020, the date on which Blackbaud was served with a copy of the initial pleading setting forth the claim for relief upon with the action is based.

7. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Blackbaud will file a true and correct copy of this Notice of Removal with the Clerk of the California State Court in which the action is currently pending. Blackbaud will also give written notice of this Notice of Removal to Plaintiff and Community Medical.

8. Venue is proper in the United States District Court for the Eastern District of California because it is "the district . . . embracing the place" where the State Court Action is pending—the Superior Court of the State of California, County of Sacramento. *See* 28 U.S.C. §§ 1446(a) and 1441(a).

9. Because this action is being removed pursuant to 28 U.S.C. § 1453(b), Blackbaud may remove this action "without the consent of all defendants."

## II. GROUNDS FOR REMOVAL

10. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and: (i) a member of the class of plaintiffs is a

citizen of a state different from Blackbaud ("minimum diversity"); (ii) the number of proposed class members is 100 or more; and (iii) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interests and costs. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

11. Blackbaud is a corporation organized under the laws of Delaware with its principal place of business in South Carolina. The majority of Blackbaud's executive and administrative functions have occurred in South Carolina. Blackbaud is not organized in California and does not have its headquarters, executive offices or principal place of business in California. RJN, Ex. 2.

12. Minimum diversity is achieved because the Plaintiff is a citizen of a state different from Blackbaud. In paragraph 10, Plaintiff alleges that she is a citizen of the State of California. Ex. A, Compl. ¶ 10. Plaintiff further alleges that Blackbaud is a Delaware corporation. *Id.* at ¶ 11. Blackbaud's principal place of business is in South Carolina. RJN, Ex. 2. Therefore a member of the class (i.e. Plaintiff) is a citizen of a State different from any defendant (i.e. Blackbaud). *See* 27 U.S.C. § 1332(d)(2)(A).

13. On September 11, 2020, Community Medical reported to the U.S. Department of Health and Human Services Office for Civil Rights that the incident that is the subject of the complaint may have affected 43,667 of its patients. RJN, Ex. 1.

14. The number of proposed class members requirement is also satisfied as Plaintiff alleges that she seeks to represent a class of all California residents affected by the Community Medical data breach. Ex. A, Compl. at Class Allegations ¶ 2. As the incident that is the subject of the complaint is alleged to have affected 43,667 of Community Medical's patients, together, these allegations reveal Plaintiff's purported class consists of 43,667 potential class members, which satisfies the CAFA numerosity requirement.

15. The amount in controversy in this action exceeds $5 million in the aggregate as Plaintiff alleges that she is seeking to recover statutory damages under the CMIA of $1,000 for herself and each of the alleged class members, along with actual damages and attorneys' fees and costs. *See id.* at Prayer for Relief. Based on this demand and the alleged number of class members, the damages alleged on the face of the Complaint exceed CAFA's $5 million amount in controversy requirement.

16. For the purposes of this Notice of Removal, the Court may consider claims for statutory damages and attorneys' fees under the CMIA when determining the amount in controversy for jurisdictional purposes. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2011) (noting that courts may consider statutory damages when determining the amount in controversy); *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (supporting the reliance on minimum statutory damages to hold a removing defendant has met the jurisdictional burden for removal under CAFA); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

17. Notwithstanding the denials and defenses that Blackbaud intends to assert to the allegations of the Complaint (including opposing the certification of any putative class), the amount placed in controversy by Plaintiff through the specific allegations of the Complaint, in particular, Plaintiff's request for "nominal damages in the amount of one thousand dollar[s] ($1,000) per violation to Plaintiff each individually [*sic*] and to each member of the Class[,]" Ex. A, Compl. Prayer for Relief as to the First Cause of Action, combined with Plaintiff's demand for actual damages and attorneys' fees, demonstrates that the alleged amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

18. Because the facts in this case satisfy the CAFA jurisdictional requirements, this action is removable to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1332(d)(2).

WHEREFORE, Blackbaud hereby gives notice that the above action pending in the Superior Court of the State of California for the County of Sacramento is removed in its entirety to this court.

Dated: December 17, 2020

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /*s/ Tambry L. Bradford*
Tambry L. Bradford, Esq.
*Attorneys for Defendant Blackbaud, Inc.*

**PROOF OF SERVICE**

Under the laws of the state of California, the undersigned hereby certifies, under the penalty of perjury, that on December 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record registered on the CM/ECF system.

Dated: December 17, 2020

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Tambry L. Bradford*
Tambry L. Bradford, Esq.
*Attorneys for Defendant Blackbaud, Inc.*