**CROSNER LEGAL, P.C.**
Zachary M. Crosner, Esq. (SBN: 272295)
zach@crosnerlegal.com
Blake R. Jones (SBN: 211221)
blake@crosnerlegal.com
Michael R. Crosner (SBN: 41299)
mike@crosnerlegal.com
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Ragina Bell

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGINA BELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY MEDICAL CENTERS; and DOES 1-100, Inclusive,<br><br>Defendant. | Case No.: 2:20-CV-02500-WBS-DS<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1.  CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIV. CODE §§ 56, ET SEQ.;<br>2.  CALIFORNIA BUS. & PROF. CODE §§ 17200, ET SEQ.; AND<br>3.  NEGLIGENCE<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff Ragina Bell, individually and on behalf of all others similarly situated (collectively as "Plaintiff"), by Plaintiff's attorneys, bring this action to challenge the actions of COMMUNITY MEDICAL CENTERS ("Defendant" or "Community Medical"), for

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO.: 2:20-CV-02500-WBS-DS

1. Defendant's unlawful and unauthorized disclosure of Plaintiff's confidential medical information in violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq.* (the "Act" or "CMIA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"); and Negligence.

2. Under the Act, Plaintiff and all other persons similarly situated had a right to keep their personal medical information provided to Defendant confidential. The short title of the Act states, "[t]he Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved. It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The Act specifically provides that "[n]o provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a). The Act further provides that "[e]very provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101.

3. Civil Code § 56.36(b) provides Plaintiff, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). In order to recover under

this paragraph, *it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff allege based on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under California Code of Civil Procedure section 410.10. The aggregated amount of damages incurred by Plaintiff and the Class exceeds the $25,000 jurisdictional minimum of this Court. The amount in controversy as to the Plaintiff individually and each individual Class member does not exceed $75,000, including interest and any pro rata award of attorneys' fees, costs, and damages.

8. Venue is proper in this Court under California Bus. & Prof. Code § 17203, Code of Civil Procedure § 395(a) and § 395.5 because Defendant does business in the State of California, and in the County of Sacramento, and employs persons located in the County of Sacramento. Defendant has obtained medical information in the transaction of business in the County of Sacramento, which has caused both obligations and liability of Defendant to arise in the County of Sacramento.

9. Further, this action does not qualify for federal jurisdiction under the Class Action Fairness Act because the home-state controversy exception under 28 U.S.C. § 1332(d)(4)(B) applies to this action because (1) greater than two thirds of the members of the proposed Class are citizens of the State of California, and (2) Defendant is a citizen of the State of California.

**PARTIES**

10. Plaintiff Ragina Bell is a resident and citizen of the State of California.

11. Defendant Community Medical is a California non-profit organization that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

12. Defendant Community Medical is a not-for-profit organization based in Fresno, California. According to its website (www.communitymedical.org), it is the region's largest healthcare provider and private employer, with more than 8,600 employees and 39,075 annual admissions in 2019.[1]

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sue the Defendant by such fictitious names under the Code of Civil Procedure § 474. Each of the Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court and/or amend this complaint to reflect the true names and capacities of the Defendant designated hereinafter as DOES 1 through 100 when such identities become known. Any reference made to a named Defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

14. At all times herein mentioned, Defendant, and each of them, were an agent or joint venturer of each of the other Defendant, and in doing the acts alleged herein, were acting with the course and scope of such agency. Each defendant had actual and/or constructive knowledge of the acts of each of the other Defendant, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

15. Defendant, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendant in breaching their obligations to Plaintiff and the Class, as

---

[1] https://www.communitymedical.org/CMC/media/Fact-Sheets/facts-corporate.pdf

FIRST AMENDED CLASS ACTION COMPLAINT                    CASE NO.: 2:20-CV-02500-WBS-DS

alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, Defendant acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

17. On or about September 11, 2020, Defendant COMMUNITY MEDICAL CENTERS ("Community Medical" or "Defendant Community Medical") disseminated a Notice of Data Breach letter (the "Letter") to Plaintiff and members of the class alerting them that on July 16, 2020 its third party cloud computing and customer management vendor, Blackbaud, Inc. ("Blackbaud") experienced a ransomware incident resulted in an unknown actor accessing, exfiltrating and/or acquiring certain Blackbaud customer data, including data relating to Defendant Community Medical's patients, between February 7, 2020 and May 20, 2020. Following its own investigation, Defendant Community Medical determined that its Blackbaud systems were in fact compromised, which allowed an unauthorized person to access Defendant Community Medical's donor and prospect information, and exposed its resident and patient's information, including, at minimum, Plaintiff and the class members' patient names, addresses, phone numbers, email addresses, dates of birth, patient complaint and diagnosis information, room numbers, patient identification numbers and/or medical record numbers, the name of the hospital where the patient was treated, and the applicable hospital department or unit. Defendant could not definitively rule out that Plaintiff's and the class members' personal and medical information were safe from this unauthorized access.

18. Despite the fact that Blackbaud reported it had been the victim of a ransomware attack and data breach, exposing the private information and even private health information of its clients' students, patients, and donors in May 2020, Community Medical did not provide notice to Plaintiff and similarly situated class members until on or about September 11, 2020.

19. Through the above conduct, Defendant recklessly failed to take adequate precautions to safeguard the confidential medical information of Plaintiff and similarly situated members of the Class.

20. At no point in time did Plaintiff give authorization for Defendant to reveal or disclose Plaintiff's personal medical information to any other person, including Blackbaud. Plaintiff was never informed and never consented to her personally identifiably information (PII), protected health information (PHI) and/or confidential medical information being disclosed to Blackbaud or any other unauthorized third party.

21. Defendant negligently selected Blackbaud as a vendor or agent and Defendant's negligence in disclosing Community Medical's patient data as described above caused Plaintiffs' and the class members' unencrypted personal medical information to be exposed and accessed by unauthorized persons.

22. In recognition of the important privacy rights that individuals expect to have over their private, sensitive medical information, Federal laws, such as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), were also enacted to provide data privacy and security provisions to help safeguard patients' personal information and medical information. Similarly, California has enacted the Confidentiality of Medical Information Act, Civil Code §§ 56, et seq.

23. Pursuant to Cal. Civ. Code § 56.10(a), a provider of health care, such as Defendant, shall not disclose medical information regarding a patient of the provider of health care without first obtaining an authorization, except as provided in subdivision (b) or (c).

24. Subdivision (b) of Cal. Civ. Code § 56.10 provides an exhaustive list of circumstances under which Defendant *must* disclose medical information without prior authorization.

25. Subdivision (c) of Cal. Civ. Code § 56.10 provides an exhaustive list of circumstances under which Defendant *may* disclose medical information without prior authorization.

26. Neither subdivision (b) or (c) of Cal. Civ. Code § 56.10 include allowing disclosure of or access to Plaintiff and the Class members' medical information to an unauthorized vendor in connection with fundraising activities, or other unidentified unauthorized persons as an

exception to the mandatory authorization required under Cal. Civ. Code § 56.10(a).

27. Further, Cal. Civ. Code 56.10(d) states that unless "expressly authorized by a patient, enrollee, or subscriber, or as provided by subdivisions (b) and (c), a provider of health care . . . shall not intentionally share, sell, use for marketing, or otherwise use medical information for a purpose not necessary to provide health care services to the patient."

28. "Authorization" is defined under the CMIA as obtaining permission in accordance with Cal. Civ. Code § 56.11 (or § 56.21 in the context of an employer disclosing medical information). 27. Community Medical did not obtain valid authorization from as defined under Cal. Civ. Code § 56.11 of the CMIA prior to disclosing Plaintiff and the Class members' personal data, including PII, PHI and/or medical information to Blackbaud or other unidentified unauthorized third parties.

29. Through the above, Defendant recklessly failed to take adequate precautions to safeguard the confidential medical information of Plaintiff and similarly situated members of the Class.

30. Through the above conduct, Defendant carelessly, recklessly, negligently, and impermissibly revealed Plaintiff and the Class members' sensitive personal information and confidential medical information to Blackbaud; and as a result of disclosing their personal data to Blackbaud, Defendant allowed and caused Plaintiff and the Class members' personal data, including PII, PHI, and medical information to be accessed and exfiltrated by unauthorized third parties.

31. In selecting Defendant as their healthcare provider, Plaintiff relied on Defendant to not disclose her PII, PHI and/or confidential information to unauthorized third parties, including Blackbaud, and entrusted Defendant to use adequate privacy and security provisions with regard to Plaintiff's personal information and medical information.

32. Upon information and belief, Blackbaud has not provided verification or further information to Defendant regarding the disposition of the data to confirm that the stolen data has been destroyed, nor does Defendant or Blackbaud know whether the other unidentified unauthorized third parties who accessed and/or exfiltrated the data maintained the data in a manner to prevent others from accessing or acquiring Plaintiff and the Class members PII,

PHI and/or medical information.

33. Plaintiff was distressed by the fact that Defendant had so carelessly disclosed Plaintiff's personal medical information to unauthorized persons in violation of Cal. Civ. Code §§ 56, et seq.

34. Plaintiff has suffered from increased stress, embarrassment, humiliation, frustration, fear and anxiety and bear an increased risk of identity theft, including medical identity theft, as a result of Defendant's reckless exposure of Plaintiff's confidential medical information to unauthorized persons.

35. In recognition of the important privacy rights that individuals expect to have over their private, sensitive medical information, Federal laws, such as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), were also enacted to provide data privacy and security provisions to help safeguard patients' personal information and medical information. Similarly, California has enacted the Confidentiality of Medical Information Act, Civil Code §§ 56, et seq.

36. Based upon the information posted on the U.S. Department of Health and Human Services' official website, on 09/11/2020, Defendant reported to the U.S. Department of Health & Human Services' Office for Civil Rights that the data breach described herein affected **43,667 individuals**.

37. The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, requires HIPAA covered entities to provide notification following a breach of unsecured protected health information to affected individuals. Covered entities must only provide the required notifications if the breach involved unsecured protected health information. Unsecured protected health information is protected health information that has not been rendered unusable, unreadable, or indecipherable to unauthorized persons through the use of a technology or methodology specified by the Secretary of the U.S. Department of Health and Human Services in guidance. Under approved guidance of the U.S. Department of Health and Human Services, protected health information ("PHI") is rendered unusable, unreadable, or indecipherable to unauthorized individuals if (1) electronic PHI has been encrypted as specified in the HIPAA

Security Rule by "the use of an algorithmic process to transform data into a form in which there is a low probability of assigning meaning without use of a confidential process or key" (45 CFR § 164.304 definition of encryption) and (2) such confidential process or key that might enable decryption has not been breached.

38. By reporting the data breach discussed herein to the U.S. Department of Health and Human Services and by sending its Notice of Data Breach Letter to Plaintiff and members of the Class, Defendant has determined and is affirming that Plaintiff and the Class' electronic PHI was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. As a result, Defendant was negligent for failing to encrypt or adequately encrypt Plaintiff and the Class' electronic medical information and providing unauthorized third parties, including Blackbaud, access to such information. Further, because Plaintiff and the Class' identifiable medical information was not rendered unusable, unreadable, or indecipherable, the unauthorized third party or parties who accessed and/or exfiltrated Plaintiff and the Class' identifiable medical information from Defendant's computer database server were able to and did in fact view Plaintiff and the Class members' medical information.

39. This action seeks redress against Defendant for its unlawful and unauthorized disclosure of confidential medical information of Plaintiff and similarly situated members of the Class in violation of the Confidentiality of Medical Information Act, Civil Code §§ 56, et seq.

## CLASS ACTION ALLEGATIONS

40. Plaintiff realleges and incorporates by reference all of the above paragraphs as though fully stated herein.

41. Plaintiff brings this action on behalf of herself individually and on behalf of all others similarly situated. The putative class ("the Class") that Plaintiff seek to represent is composed of:

> **All persons in the state of California whose personal data and medical information was disclosed by Defendant Community Medical Centers to Blackbaud, and was stored in Defendant Community Medical Center's Blackbaud systems prior to May of 2020, and/or was sent the Notice of Data Privacy Event by or on behalf of Defendant Community Medical Centers related to the data breach that occurred in May 2020.**

42. Excluded from the Class are the natural persons who are directors, officers, and employees of the Defendant.

43. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

44. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the class, and Plaintiff can fairly and adequately represent the interests of the Class.

45. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant participated in or committed the wrongful conduct alleged herein;

   b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

   c. Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

   d. Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

46. Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein.

47. As persons who received the abovementioned letter from Defendant regarding an unauthorized disclosure of Plaintiff's personal information and confidential medical information, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and

FIRST AMENDED CLASS ACTION COMPLAINT                          CASE NO.: 2:20-CV-02500-WBS-DS

adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests known to be antagonistic to any member of the Class.

48. This suit seeks damages and injunctive relief for recovery of injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a representative class action, members of the Class will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for Defendant.

50. Defendant has acted and/or refused to act on grounds generally applicable to the Plaintiff and other members of the Class, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole appropriate.

51. As discussed above, numerous common questions of fact and law exist in this matter. These questions predominate over the individual questions presented in this action.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden and litigation would prevent Class

members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF CAL. CIV. CODE §§ 56, ET SEQ.
### [CONFIDENTIALITY OF MEDICAL INFORMATION ACT]

53. Plaintiff realleges and incorporates by reference all of the above paragraphs as though fully stated herein.

54. The forgoing acts and omissions constitute violation of the Confidentiality of Medical Information Act, California Civil Code §§ 56, et seq.

55. Civil Code Section §§ 56, et seq., prohibits health care providers from disclosing medical information regarding a patient without first obtaining written authorization from the patient.

56. At all relevant times, Defendant had a legal duty to protect the confidentiality of Plaintiff's personal information and medical information.

57. By disclosing Plaintiff's personal information and private medical information without written authorization, Defendant has violated California Civil Code § 56.10.

58. Defendant have also violated California Civil Code § 56.101, which prohibits the negligent creation, maintenance, preservation, storage, abandonment, destruction, or disposal of confidential medical information. Among other things, Defendant is and was negligent by failing to implement, maintain, and follow reasonable policies and procedures to protect medical information from unauthorized access and disclosure.

59. As a result of Defendant's above-described conduct, Plaintiff and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

60. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff and the Class seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to

Civil Code § 56.36(b)(2).

61. Plaintiff also seek an injunctive order requiring Defendant to cease its violations of the Civil Code §§ 56, et seq. Among other things Defendant should be required to cease negligently handling its patients' medical information

## COUNT II
### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.
### [CALIFORNIA'S UNFAIR COMPETITION LAW]

62. Plaintiff realleges and incorporates by reference all of the above paragraphs as though fully stated herein.

63. Plaintiff and Defendant are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

64. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code §§ 17200, et seq.

65. "Unfair competition" is defined by Bus. & Prof. Code section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in §§ 17200, et seq. are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

66. Defendant has engaged in "unlawful" business acts and practices in violation of California Bus. & Prof. Code §§ 17200, et seq. by its conduct in violation of the Confidentiality of Medical Information Act, Civil Code §§ 56.10, 56.101, as alleged above and herein.

67. Had Plaintiff and members of the Class known that Defendant wasn't using reasonable precautions to ensure the safe storage of Plaintiff's individual identifiable "medical information," and that Defendant was going to release their individual identifiable "medical information," to unauthorized persons without their authorized written consent in violation of its promises made in its privacy policy and required by the Act, Plaintiff and the Class would

not have used Defendant's health care services.

68. Plaintiff and members of the Class have suffered an injury in fact by a significant exposure of sensitive personal information by Defendant making individual identifiable "medical information," within the meaning of Civil Code § 56.05(j), including their names, medications, medical diagnoses, and other individually identifiable medical information as defined by Civil Code § 56.05(j), released to and viewed by unauthorized persons without their prior written authorization as required by the Act, Civil Code §§ 56.10, 56.101.

69. Additionally, Plaintiff and members of the Class have suffered a loss of money or property in the form of paying for health care services from Defendant, and have suffered a loss of money or property in that Plaintiff and the Class have suffered and are each entitled to nominal damages of one thousand dollars ($1,000) pursuant to Civil Code §§ 56.36(b)(1), 56.101.

70. Pursuant to the Bus. & Prof. Code § 17203, Plaintiff and the Class seek an order of this Court requiring full restitution of all monies wrongfully acquired by Defendant in the form of health care services payments made to Defendant by means of such "unlawful" conduct, so as to restore any and all monies to Plaintiff and the Class which were acquired and obtained by means of such "unlawful" conduct, and which ill-gotten gains are still retained by Defendant.

71. Pursuant to the Bus. & Prof. Code § 17203, Plaintiff and the Class also seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized disclosure of their individual identifiable "medical information," and to adequately maintain the confidentiality of their individual identifiable "medical information," and an order enjoining Defendant from disclosing their individual identifiable "medical information," without the prior written authorization of Plaintiff and each Class member, as required by the Act. Absent injunctive relief from the Court, Defendant is likely to continue to injure Plaintiff and the Class.

72. Plaintiff and other members of the Class have in fact been injured as a result of their reliance on Defendant's material representations and omissions, which are described above. As a result of this reliance, Defendant has caused harm to Plaintiff and other members of the Class. Plaintiff and the other members of the Class have suffered injury in fact and lost

money as a result of these unlawful, unfair, and fraudulent practices.

73. As a direct and proximate result of the repeated violations described above and herein, Defendant has received and continues to receive unjust revenue and profit at the expense of their competitors and the public.

74. Plaintiff has suffered an "injury in fact" as a result of Defendant's above-described conduct.

75. Unless Defendant are enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, Plaintiff and consumers residing within California, will continue to be exposed to and harmed by Defendant's unlawful, unfair, and/or fraudulent business practices.

76. Plaintiff and the Class seek restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the representations set forth on Defendant's website in the marketing and description of Defendant's services.

77. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing Plaintiff in class action cases such as this matter

### COUNT III

#### NEGLIGENCE

78. Plaintiff realleges and incorporates by reference all of the above paragraphs as though fully stated herein.

79. Defendant owed various duties to Plaintiff pursuant to the CMIA, as alleged in detail above. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

80. Defendant breached Defendant's respective duties by engaging in the conduct alleged above in violation of the CMIA.

81. Plaintiff asserts that Defendant are both the actual and legal cause of Plaintiff's damages.

82. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered actual damages and significant emotional distress as described herein and above.

83. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's privacy rights entitles Plaintiff to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### As to the First Cause of Action

- For nominal damages in the amount of one thousand dollar ($1,000) per violation to Plaintiff each individually and to each member of the Class pursuant to Civil Code § 56.36(b)(1);
- For actual damages according to proof per violation pursuant to Civil Code § 56.36(b)(2);

### As to the Second Cause of Action

- An award of restitution of all monies wrongfully acquired by Defendant in the form of health care services payments made to Defendant by Plaintiff and the Class;
- An award of appropriate injunctive and/or declaratory relief preventing such conduct in the future;

### As to the Third Cause of Action

- An award of actual damages to be determined at trial;
- An award of punitive damages to be determined at trial;

### As to All Causes of Action

- Certifying this action as a class action;
- Appointing the named Plaintiff each as Class Representatives;
- Appointing Plaintiff's counsel as Class Counsel;
- For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

- For costs of the suit;
- For prejudgment and post-judgment interest at the legal rate; and
- Any such further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: April 20, 2021

**CROSNER LEGAL, P.C.**

By: _____
Zachary Crosner, Esq. (SBN: 272295)
Blake R. Jones, Esq. (SBN: 211221)
Michael R. Crosner, Esq. (SBN: 41299)

*Attorneys for Plaintiff and the putative Class*

**PROOF OF SERVICE**
*RAGINA BELL vs. COMMUNITY MEDICAL CENTERS.*
*EASTERN DISTRICT OF CALIFORNIA Case No. 2:20-cv-02500-WBS-DB*

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210.

On April 20, 2021, I served true copies of the following document(s) described as

**EX PARTE APPLICATION FOR A CONTINUANCE OF SCHEDULING CONFERENCE**

**DECLARATION OF ZACHARY CROSNER IN SUPPORT OF EX PARTE APPLICATION FOR A CONTINUANCE OF SCHEDULING CONFERENCE**

**[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR A CONTINUANCE OF SCHEDULING CONFERENCE & DEADLINE TO FILE JOINT STATEMENT**

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒   BY ELECTRONIC TRANSMISSION. I transmitted copies of the above-referenced document(s) on the interested parties in this action by electronic transmission. Said electronic transmission was reported as complete and without error.

☒   BY (Federal) I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

Executed on April 20, 2021, at Los Angeles, California.

*Maria Monterrey*

1

PROOF OF SERVICE                                         CASE: *2:20-cv-02500-WBS-DB*

1 | SERVICE LIST
  | *RAGINA BELL vs. COMMUNITY MEDICAL CENTERS.*
2 | *EASTERN DISTRICT OF CALIFORNIA Case No.  2:20-cv-02500-WBS-DB*

| | |
|---|---|
| Carney, David A. | Attorneys for Defendant |
| dcarney@bakerlaw.com | COMMUNITY MEDICAL CENTERS; |
| | BLACKBAUD, INC |

2

PROOF OF SERVICE                           CASE: *2:20-cv-02500-WBS-DB*